UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA J. GORDON | CIVIL ACTION |
| VERSUS | NO. 26-1604 |
| RICKIE CALLEGAN ET AL. | SECTION "R" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Barbara J. Gordon filed this 42 U.S.C. § 1983 action against twenty-four individuals in their individual and official capacities based on a violent encounter at Slidell Memorial Hospital that resulted in Plaintiff's conviction for battery and the ensuing loss of her nursing license.[1] The Court concurs with Judge Feldman's statement in the original case that "[t]he Court is not without sympathy for Ms. Gordon's plight and frustration and her efforts to 'pick up the pieces of [her] life.'"[2] However, for the following reasons, it is recommended that Plaintiff's complaint be **dismissed without prejudice**.

## I. Mandatory Screening Provisions

The Court permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the federal *in forma pauperis* statute requirements; the Court has since determined that Plaintiff's Complaint does not meet these requirements.

[1] R. Doc. 1.
[2] *Gordon v. James*, No. CV 16-16540, 2017 WL 4311125, at *12 (E.D. La. Sept. 26, 2017).

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.* (citing 28 U.S.C. § 1915).

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Analysis

### A. Collateral estoppel bars Plaintiff's claims.

Plaintiff acknowledges that the current allegations are largely identical to those in her 2016 lawsuit.[3] Plaintiff believes that she may bring a second lawsuit because the first was dismissed without prejudice: "I filed a complaint with this Court in 2016 (#2:16-GV-16540), which was dismissed without prejudice in 2017, providing me the opportunity to file a second suit."[4] As set forth below, Plaintiff misunderstands the nature of that dismissal.

Although some defendants differ in this lawsuit (of the current twenty-four defendants, approximately eighteen were also among the prior case's twenty-seven defendants), the operative allegations are set forth in the District Court's opinion dismissing Plaintiff's first lawsuit:

> This civil rights lawsuit arises from a violent encounter between nurses and a patient in the emergency room at Slidell Memorial Hospital, which culminated in an allegedly wrongful battery conviction for the patient.
>
> Barbara J. Gordon, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit against 27 defendants, whom she identifies by name and categorizes as employees of Slidell Memorial Hospital, employees or members of the Louisiana State Board of Nursing, employees or attorneys of the Advocacy Center, her retained criminal defense attorney, and employees of the Louisiana Board of Hospitals (presumably intended as Louisiana Department of Health and Hospitals). Ms. Gordon alleges that, while she was a patient in the emergency room at Slidell Memorial Hospital in 2009, Registered Nurses Joel James and Mary Thibodeaux violently assaulted her. As a result of that violent encounter, Ms. Gordon alleges that false accusations were made against her, culminating in a "wrongful [battery] conviction based on the perjured testimony of my accusers." She alleges that she filed complaints against the hospital and its employees, but that the investigation was mishandled when "substantive evidence was withheld by Slidell Memorial

---

[3] R. Doc. 1 at 16. "Based on the findings of the Court in 2017, I know that this court will provide Justice to me. I am filing this suit to seek that justice."

[4] *Id.*

> Hospital employees and the Advocacy Center employees who investigated my complaints." Ms. Gordon alleges that she discovered new evidence in 2015, which led to a second investigation by the Louisiana State Board of Nursing, but that employees of Slidell Memorial Hospital continued to make false allegations, ultimately denying her right to a fair investigation. Ms. Gordon claims that her federal civil rights have been violated, including her right to due process and equal protection under the Fifth and Fourteenth Amendments; she also advances state law defamation claims. As a result of the defendants' actions, Ms. Gordon alleges that she developed post-traumatic stress disorder and that she has been unable to work for the past eight years.

*Gordon v. James*, No. CV 16-16540, 2017 WL 4311125, at *1 (E.D. La. Sept. 26, 2017) (footnotes omitted). Thus, "[t]he thrust of the plaintiff's complaint is her belief that she was wrongfully convicted in state court of battery based on perjured testimony by nurses that battered her in the emergency room in 2009." *Id.* at *6 (E.D. La. Sept. 26, 2017).

In the first lawsuit, the District Court granted the defendants' numerous[5] motions to dismiss on multiple grounds:

(1) The claims against "officials of the Louisiana State Board of Nursing or the Louisiana Department of Health and Hospitals," acting in their official capacities, were dismissed "because they are not 'persons' within the meaning of Section 1983." *Id.* at *8.

(2) The claims against the prosecuting attorney in Plaintiff's administrative proceedings were dismissed pursuant to absolute and statutory immunity. *Id.* For similar reasons, the Court denied Plaintiff's motion for leave to add an additional attorney as a defendant. *Id.*

[5] *See Gordon v. James*, No. CV 16-16540, 2017 WL 4311125, at *3 (E.D. La. Sept. 26, 2017) ("The defendants advance a litany of challenges to the sufficiency of the plaintiff's allegations in her complaint: some defendants invoke absolute immunity or qualified immunity from suit; some defendants contend that the plaintiff's claims are barred by *Heck v. Humphrey* or *Parratt-Hudson* or *Rooker-Feldman*, or that service of process was insufficient, that the claims are prescribed, that the claims are premature, or that the allegations are too vague, insufficiently particular, or frivolous.").

(3) The claims against Slidell Memorial Hospital personnel were dismissed under
*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because the claims called into question the validity of Plaintiff's battery conviction. *See id.* at *8-9. The Court noted that this dismissal was without prejudice. As is typical in *Heck*-barred lawsuits, and as context makes clear, the dismissal was without prejudice to re-urging the claims should Plaintiff's conviction(s) be overturned. *See id.* at *9.

(4) To the extent that any claim against hospital personnel could survive *Heck*, those claims were dismissed as subject to qualified immunity and time-barred. *Id.* at *10.

(5) The claims based on Plaintiff's requests for investigations in 2009 and 2016 were dismissed as time-barred. *Id.*

(6) To the extent that any claim against Advocacy Center personnel could survive *Heck*, those claims were dismissed for failure to state a claim, including because there was no well-plead allegation that the personnel were state actors. *Id.* at *11.

(7) The claims against Plaintiff's defense counsel were dismissed because she was "not a state actor, the claim is barred by Heck,[1] the claim has prescribed, and the claim is insufficiently pled and implausible." *Id.* at *12.

(8) The Court declined to exercise jurisdiction over Plaintiff's state-law claims and thus dismissed them without prejudice. *See id.*

The judgment entered in this matter dismissed all of the claims without prejudice, presumably because the federal claims were *Heck*-barred, as stated above, and the Court declined jurisdiction over the state law claims.

Although Plaintiff appears to believe that the dismissal without prejudice would allow her a second chance at the lawsuit, under *Heck* the federal claims can

only be re-urged if her battery conviction is overturned. There is no indication that this prerequisite has occurred. Further, collateral estoppel now bars those claims.

Collateral estoppel prevents a party from relitigating issues decided in a prior proceeding:

> Collateral estoppel bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). To establish collateral estoppel under federal common law, a party must show: "(1) that the issue at stake [is] identical to the one involved in the prior litigation; (2) that the issue [was] actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that earlier action." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). Further, a party may invoke collateral estoppel only when the opposing party had a "full and fair opportunity" to litigate the issue in the earlier litigation. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 95 (1980)); *Rabo Agrifinance*, 583 F.3d 348 at 353.

*Craig v. Merit Sys. Prot. Bd.*, No. CV 17-6242, 2017 WL 6055158, at *2 (E.D. La. Dec. 7, 2017). Plaintiff's lawsuit satisfies the above requirements: the underlying events are the same, and the Plaintiff participated fully in the prior dismissed litigation. The prior opinion set forth numerous independent bases that each of Plaintiff's claims fails under *Heck* and on the merits. That determination precludes further litigation of the federal claims.

**B. Lack of timeliness bars Plaintiff's claims.**

Even if Plaintiff's second lawsuit were not subject to collateral estoppel, it would fail for the same reasons as the first lawsuit. Moreover, the federal claims in the first and second lawsuits remain untimely.

Section 1983 claims are "subject to state personal injury statutes of limitations." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (citations omitted); *see Owens v. Okure*, 488 U.S. 235, 249–250 (1989). Thus, "in Louisiana, the limitations period for a § 1983 claim is one year[6] from when the plaintiff knew or should have known that he 'has a complete and present cause of action' under 'analogous common-law torts.'" *Haygood v. Morrison*, 116 F.4th 439, 445 (5th Cir. 2024), *cert. denied sub nom. Haygood v. Camp Morrison*, 145 S. Ct. 1329 (2025) (quoting *McDonough v. Smith*, 588 U.S. 109, 115 (2019)); *see* La. Civ. Code art. 3492.

The first lawsuit's claims are untimely. While the second lawsuit adds some allegations relative to more recent events, any claim based on those allegations is also untimely. Liberally construed, the last events discussed in the second lawsuit occurred in 2022 when Plaintiff alleges that she received fraudulent documents from LSBN.[7] Plaintiff admits that she realized in 2022 and 2023 that she needed to "return to court."[8] Thus, all of Plaintiff's Section 1983 claims are untimely. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that accrual of § 1983 claims occurs when "the plaintiff can file suit and obtain relief") (citation omitted).[9]

---

[6] *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 827 n.3 (5th Cir. 2025) ("Under La. Civ. Code art. 3493.1, Louisiana now has a two-year prescription period for torts, but this new provision only applies to actions arising after July 1, 2024.") (citing 2024 La. Sess. Law Serv. Act 423 (H.B. 315); *Haygood v. Morrison*, 116 F.4th 439, 445 n.4 (5th Cir. 2024)).
[7] R. Doc. 1 at 47.
[8] *Id.* at 87.
[9] Plaintiff alleges that she delayed filing this suit because her records were in storage and due to such life events as family obligations, moving, surgery, and the

As set forth above, the Court declined to exercise jurisdiction over Plaintiff's state law claims in the first lawsuit. Similarly here, given the early stage of the litigation and the proposed dismissal of Plaintiff's federal claims, it is recommended that the Court decline to exercise supplemental jurisdiction over any state law claims. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana St. Univ.-Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009)). Leave to amend is not required, however, when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *See Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted). It does not appear that Plaintiff will be able to state any cognizable federal claims consistent with the facts alleged. Moreover, the present lawsuit is in many respects an attempt to re-urge or amend its predecessor. It is not thus not recommended that Plaintiff be afforded an additional opportunity to amend.Accordingly,

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED WITHOUT PREJUDICE** under *Heck* such that those claims may only be re-urged if her conviction is vacated.

---

pandemic. *Id*. at 101. Those reasons, however, do not support equitable tolling. *See Jenkins v. Tahmahkera*, 151 F.4th 739, 751 (5th Cir. 2025) ("Traditional equitable principles preclude a court from invoking equitable tolling, ... when the party seeking relief has an adequate legal remedy or statutory remedy to avoid the consequences of the statute of limitations.") (quotation and citation omitted).

**IT IS FURTHER RECOMMENDED** that any federal claims that are not *Heck*-barred be **DISMISSED WITH PREJUDICE** for the reasons set forth above.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c) and that such claims be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14th day of September, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE